HATTIE BOSTWICK, APPELLEE, v. DINA KELLER ET AL., IMPLEADED WITH WILLIAM F. VEST ET AL., APPELLANTS.

FILED NOVEMBER 20, 1901.   No. 10,484.

1. **Copy of Appraisement for Sale Must Be Filed With Clerk of District Court.** A copy of an appraisement of lands made for the purpose of judicial sale must be forthwith filed with the clerk of the district court of the proper county.

2. **Silence of Record:** PRESUMPTION. When the record is silent as to filing of a copy of the appraisement, it will be presumed that it was duly and regularly filed.

3. **Appraisement:** ACTUAL VIEW. A sale is not invalidated because the appraisement was not made upon actual view of the premises, when the appraisers are familiar with the property.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J. *Affirmed.*

*Hamer & Hamer,* for appellants.

*Warren Pratt, contra.*

NORVAL, C. J.

From an order of the district court confirming a sale of real estate made under a decree foreclosing a real estate mortgage, the defendants appeal.

It is urged that no copy of the appraisement was filed by the sheriff in the office of the clerk of the district court. The officer is required forthwith to file a copy of the appraisement, and prior to the publication of the notice of sale. *Kearney Land & Investment Co. v. Aspinwall,* 45 Nebr., 601; *Burkett v. Clark,* 46 Nebr., 466; *Walker v. Patch,* 52 Nebr., 763; *First Nat. Bank of Broken Bow v. Hamer,* 51 Nebr., 23; *Globe Loan & Trust Co. v. Wood,* 58 Nebr., 395. Therefore, if it appears from the record before us that no copy of the appraisement was ever filed, the sale for that reason would have to be set aside. Unfortunately for the defendants, this record does not so show. It is true no transcript of any copy of the copy of appraisement is to be found in the record, but that proves nothing. The transcript does not purport to be a full and complete copy of the records and files of the lower court. On the other hand, the return of the officer, which we find in the record, states that after the appraisement was made he forthwith deposited a copy thereof in the office of the clerk of the district court of said county. This is not overcome by the mere silence of the record upon the subject. The presumption is that the officer did his duty; especially is this true when his return shows he has done so.

That the appraisement was not made upon actual view of the premises does not vitiate the sale. The statute does not require that the appraisers should be on the lands at

the time they make the appraisement, although it is better that they view the premises, as ordinarily it would enable them the more intelligently to perform their duties, as the appraiser must be familiar with the premises.

The order complained of is

AFFIRMED.